IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN CALEB ALLEN | Case No. 4:25mj107-MAF |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

Your affiant, Luciano Cruz, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint and request for an arrest warrant for John Caleb ALLEN.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been so designated since 2024. Prior to my employment with ATF, I was a Federal Police Officer with the U.S. Park Police in Washington, D.C. from August 2022 to April 2024, and prior to that, I was a Federal Police Officer with the Pentagon Police in Arlington, Virginia from July 2021 to August 2022. I hold a Bachelor of Arts with a Major in Criminology from John Jay College of Criminal Justice (part of The City University of New York) and a Master of Arts in Human Rights from John Jay College. I am a graduate of the 3-month Federal Law

1

RCV'D USDC FLND TL
JUL 24 '25 PM 1:37

Enforcement Training Center and the 3-month ATF National Academy. As a result of my training and experience as an ATF Special Agent (SA), I am familiar with Federal criminal laws related to Title 18 firearms offenses and Title 26 violations of the National Firearms Act ("NFA"), including those under investigation here.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe John Caleb ALLEN has committed the following violations of federal law:

- Assault with a deadly weapon on a federal law enforcement officer in violation of 18 U.S.C. §§ 111(a)(1) and (b);

- Discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and

- Two counts of illegal possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

## PROBABLE CAUSE

5. Since May 2025, ATF has been investigating John Caleb ALLEN for violations involving manufacturing, possessing, and distributing machineguns and machinegun conversion devices.

## Count 3

6.\. On June 4, 2025, ALLEN sold a confidential source a firearm and a 3D printed "drop-in" machinegun conversion device for an AR-style firearm. ALLEN explained how to install the conversion device and told the confidential source, "I make a couple of these, these are the 3D printed ones, I make aluminum ones, steel ones." This controlled purchase was audio and video recorded, and ALLEN is readily identifiable on the video.

7\. The "drop-in" was examined by a Firearms Enforcement Officer from ATF's Firearms and Ammunition Technology Device who determined that it qualified as a machinegun as defined by 26 U.S.C. § 5845(b), which is incorporated into 18 U.S.C. § 921(a)(24). It does not bear required NFA manufacturer's markings or a serial number.

## Count 4

8\. On June 23, 2025, ALLEN sold a confidential source ten 3D printed "drop-in" machinegun conversion devices, a metal "drop-in" machinegun conversion device, two Glock-style machinegun conversion devices and, in a second transaction later in the day, two firearms. These controlled purchases were audio and video recorded, and ALLEN is readily identifiable on the videos.

9\. The 13 purchased conversion devices were examined by a Firearms Enforcement Officer from ATF's Firearms and Ammunition Technology Device who

determined that each of them qualified as a machinegun as defined by 26 U.S.C. § 5845(b). None bear required NFA manufacturer's markings or serial numbers.

### Counts 1 and 2

10.  As a result of the above-described investigation, ATF obtained a federal search warrant for ALLEN's residence which was signed on July 14, 2025.

11.  On the morning of July 24, 2025, ATF attempted to execute the search warrant shortly after 6:00am. ATF's Special Response Team (SRT) surrounded the residence. The SRT team included the presence of a "BearCat" armored vehicle in ALLEN's front yard. SRT loudly announced the presence of law enforcement, including by using a P.A. system from the BearCat, and announced that they had a search warrant.

12.  When there was no response from inside the residence, SRT breached the front door. At that point, ALLEN fired multiple rounds (estimated as a full clip of ammunition) through the open front door. SRT team members near the door were struck with shards of wood from bullets impacting the door/doorframe, but no one was seriously injured.

13.  Law enforcement did not return fire and responded as if dealing with a barricaded suspect. After additional announcements to ALLEN to come out, he surrendered without further violence.

14. FDLE responded to the scene to investigate the shooting, since ATF officers were the victims of the assault.

15. FDLE is obtaining a state search warrant to process the scene for evidence of the shooting, after which ATF will finish executing their original search warrant for evidence of the original crimes under investigation. Additional charges are contemplated pending the results of that search warrant.

## CONCLUSION

16. Your affiant respectfully submits that probable cause exists to believe that **ALLEN** has committed the above-listed offenses and respectfully requests the issuance of an arrest warrant.

Respectfully submitted,

_____
Luciano Cruz
ATF Special Agent

Subscribed and sworn to before me on July 24, 2025.

_____
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE